18101

The STATE, Respondent, v. Willie BLACK, Appellant
(132 S. E. (2d) 5)

*Messrs. Hugh O. Hanna, William C. Hanna* and *Holland Smith,* of Hampton, *for Appellant,*

*Randolph Murdaugh, Esq., Solicitor,* of Hampton, *for Respondent,*

July 24, 1963.

LEWIS, Justice.

The defendant Willie Black was convicted in the Court of General Sessions for Hampton County of the offense of assualt with intent to ravish and sentenced to death. He has appealed, alleging that the lower court erred in refusing his motions (1) for an examination at the State Hospital to determine his mental condition, (2) for a continuance, and (3) for a directed verdict of not guilty. Error is also charged in the admission into evidence of the alleged confessions of the defendant.

We find no merit in any of the exceptions filed except that which charges error in the refusal of the trial judge to grant the motion for a continuance because of the illness of one of the attorneys appointed to represent the defendant.

The alleged offense was committed on January 18, 1962. The defendant was arrested on the same day, and subsequently tried and convicted on February 20, 1962. He was unable to employ counsel and the court appointed, on February 5, 1962, Messrs. Hugh O. Hanna, William C. Hanna, and Holland Smith, all attorneys of the Hampton County Bar, to represent him. Mr. Hugh Hanna had been a practicing attorney for approximately forty years, Mr. William Hanna for about nine years, and Mr. Holland Smith for about two years.

Upon the call of the case for trial, a motion for a continuance was made upon the ground that Mr. Hugh Hanna was ill and not physically able to fully participate in the trial. This motion was refused and the case proceeded to trial with all attorneys present. The record shows that Mr. Smith actively conducted the trial of the case for the defense. The record fails to disclose Mr. Hugh Hanna's participation in the defense, except that he was present at the counsel table for a portion of the trial. His statement that it was necessary for him to be absent from the courtroom for one-half day during the trial, because he was sick and in pain, is not denied.

While the record discloses that Mr. Hugh Hanna was not confined to his home, it is reasonably inferable that he was not well and that his physical condition kept him from full participation in the representation of the defendant at the trial.

It is well settled that the granting or refusal of a motion for continuance is within the discretion of the trial judge, and to warrant a reversal on appeal it must be shown that there was an abuse of discretion to the prejudice of the appellant. It is further well settled that the determination of such motions must depend upon the particu-

lar circumstances of each case. *State v. Livingston*, 233 S. C. 400, 105 S. E. (2d) 73.

> While it is extremely doubtful that the refusal of the motion for a continuance constituted an abuse of discretion in this case, we have concluded, *in favorem vitae*, that the circumstances warrant a new trial.

This is a death case in which it was necessary for the court to appoint counsel to represent the defendant. Three attorneys were appointed. Mr. Hugh Hanna was by far the more experienced of the three and we must assume that such fact in part motivated the trial judge in appointing him. Because of Mr. Hanna's illness at the time, the defendant was deprived of his full participation in the trial. To this extent, he was deprived of the representation to which the court had determined that he was entitled.

Under all of the circumstances of the case, we think that a new trial should be granted. Since a new trial is granted, we find it unnecessary to discuss the remaining exceptions filed by the defendant. We have carefully considered them, however, and find that they are without merit.

Reversed and remanded for a new trial.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.