18813

The STATE, Respondent, v. Ernest Billy COWART and Danny Lee Cowart, Appellants

(162 S. E. (2d) 535)

*J. D. Todd, Jr., Esq.,* of Greenville, *for the Appellants,*

*C. Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

July 25, 1968.

Moss, Chief Justice.

Billy Cowart and Danny Lee Cowart, the appellants herein, were convicted of assault and battery of a high and aggravated nature in the September 1967 term of Greenville County Criminal Court upon an indictment returned by the grand jury of Greenville County December, 1966. At the time of trial Billy Cowart was 20 years of age and Danny Lee Cowart was 17 years of age. The appellants appeared in court in February, April and September, 1967, and requested the county judge to appoint counsel for them on the grounds that they were indigent and did not have the necessary funds to procure such.

When the appellants appeared before the county judge on April 12, 1967, and requested the appointment of counsel, the court found out that both appellants were unmarried and not in school. One of the appellants said that he was working with Sanitary Plumbing and when asked why he didn't get a lawyer, his reply was, "I can't afford one, not right yet." Thereupon the county judge said:

"I will not require some lawyer to come in here and work for nothing for you when you have those two good arms (both of you) and are able to get out and work. You can dig ditches; you can carry coal, or you can do something else. I am not going to give you something for nothing. As long as you can get and pay for your own lawyer, even though it means sacrificing or not having some privileges, you are going to do it. I would state into the record that Greenville has many, many jobs for any one that wishes to secure one and work. You can even get two jobs. Now, it may be hard on you, but that's better than me making some lawyer come in here and work for absolutely nothing for you and give two or three days of his time. * * * Next term of court, Mr. Pyle, we will try them with or without a lawyer."

The Solicitor, on September 25, 1967, advised the county judge that he would like to set the case against the ap-

pellants for trial on the Monday following. He also advised the court that they had been before him on April 12, 1967, and requested the appointment of counsel to represent them and that the court advised them that it could not appoint an attorney. The court was told by the Solicitor that he had these appellants to come in "to tell us what the situation was". Thereupon, the following took place:

"THE COURT:

As I recall, at that time you were both unmarried and neither of you were working? And you both nod your heads affirmatively.

Do you have counsel now?

Both answered: No, sir.

THE COURT:

Well, you are not going to get one from this Court now. I told you that there are people (and I told you this before) who are dying for just labor in this county. And if you haven't gone out and made money and retained counsel, it is because you are either too lazy, or do not want to work. And you will get convicted, or get acquitted on your own. I will not appoint counsel for you."

The trial of the appellants without counsel took place on October 2, 1967. A jury, consisting of six members, was selected as is provided in Section 15-671 of the Code. The appellants objected to a trial by a jury consisting of six jurors and insisted that they should be tried by a jury consisting of twelve. This objection was overruled by the trial Judge. There was no appeal from the trial and conviction of the appellants.

Subsequently, on December 13, 1967, the appellants forwarded a letter to the Clerk of Court for Greenville County, South Carolina, which, in effect, and was so considered by the trial judge to be an application for a writ of *habeas corpus* on the grounds that they were not represented by legal counsel at their trial; that they had demanded a twelve man jury and were convicted by a six man jury. The Judge of the County Court appointed counsel to represent the ap-

pellants at the hearing on the writ of *habeas corpus*. A hearing was held on January 5, 1968, before the county judge and at such hearing the appellants contended (1) that they had been deprived of their constitutional right to a fair trial by the failure of the court to appoint counsel to defend them, and (2) that they should not have been tried by a six man jury after having made demand for a twelve man jury.

The county judge, according to the agreed statement, on February 22, 1968, denied the relief sought by the appellants, holding that since the appellants "were able-bodied and capable of earning a livelihood, that they were not indigent and were thus not entitled to Court appointed counsel." He also overruled the appellants' objection to a trial by a six man jury rather than by a jury consisting of twelve. It is from this order that the appellants prosecute this appeal.

The basic claim of the appellants is that they were denied their constitutional right to counsel and deprived of the rights of due process and the aid of appointed counsel contrary to the guarantees of the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 5 and 18 of the 1895 Constitution of this state.

Since the decision in *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799, 93 A. L. R. (2d) 733, the right of the accused in a criminal prosecution to assistance of counsel under the Sixth Amendment to the Constitution of the United States is made obligatory upon the states by the Fourteenth Amendment, and where a person charged with crime in a state court is financially unable to retain an attorney the court must appoint one to act in his behalf, in the absence of an effective waiver by the accused. The rule announced in the Gideon case has been recognized and applied by this court. *Pitt v. MacDougall*, 245 S. C. 98, 138 S. E. (2d) 840. The effective assistance of counsel is a necessary requisite of due process of law. *Crosby v. State*, 241 S. C. 40, 126 S. E. (2d) 843.

A determination of an accused's indigency is a prerequisite to the right of court appointed counsel. We have not established any procedure in this state for the purpose of determining the indigency of an accused charged with crime. However, when an accused asserts indigency and makes a request for court appointed counsel the trial judge must, prior to trial, ascertain whether the accused is without means to procure counsel. If the trial judge finds that the accused is financially unable to obtain counsel he must then assign counsel to represent him. The factual question is not whether the accused ought to be able to employ counsel but whether he is, in fact, able to do so. At the time the appellants made a request for the appointment of counsel the facts in the record were insufficient to support the conclusion of the court that they were not entitled to such.

It is implicit from this record that when the appellants, on April 12, 1967, requested the appointment of counsel, the trial judge concluded that they were without means to employ counsel but in lieu of giving the appellants appointed counsel at that time he directed the case against them be continued until the next term of court and that they get employment and earn sufficient funds with which to employ their own counsel. The basis of this holding was that since the appellants were able-bodied they had no justifiable reason of being without funds with which to employ counsel in view of the job opportunities in the Greenville area and he ended this ruling with the statement that at the next term of court the appellants would be tried with or without a lawyer. When the appellants again appeared before the court on September 25, 1967, the trial judge inquired if they had counsel. When they answered that they did not, the trial judge refused to appoint counsel without any further inquiry or investigation as to whether they were without financial means with which to employ such. There was no evidence in the record to support the conclusion of the court that the appellants were not entitled to court appointed counsel.

In the *habeas corpus* hearing held on January 5, 1968, the testimony showed that after April, 1967, and before September, 1967, the appellants attempted to employ counsel to represent them. They were advised by the attorney they consulted that his charge would be $300.00. The appellants testified that they had no way of raising this sum of money. The only positive proof of employment is the record of Sanitary Plumbing Company which shows that Billy Cowart entered its employ on February 1, 1967, and worked through April 6, 1967, a period of two months and five days, during which time his net pay was $511.70, and Danny Cowart worked with the same company from February 1, 1967, until February 10, 1967, with net earnings of $75.34. It is apparent that the foregoing earnings were received by the appellants prior to their appearance before the court on April 12, 1967. As stated by the respondent "The only other proof is the vague testimony of the appellants as to various jobs and amounts earned." The trial judge, in his order, recites that the testimony in the *habeas corpus* hearing reflects that the appellants appeared before him prior to the February, April, May and September, 1967, terms of court and that on each of the four occasions he informed the appellants that he "would not appoint free counsel for them since they were able to work and retain paid counsel." He further held that the appellants were telling the truth when they asserted to the court that they were not gainfully employed during the period February, 1967, through September 25, 1967, except for one brief employment period. The trial judge concluded:

"That an attorney should not be required to give of his time without compensation * * * while an able-bodied defendant is capable of earning a livelihood which would include sufficient remuneration to pay counsel. It is one thing for a defendant to earn a minimal or near minimal salary or wages with family responsibilities or other obligations requiring the expending of all wages. It is quite another where a person is capable of working and paying for counsel but refuses to do so."

The trial judge held that there was some evidence that during some part of the period from April to September, 1967, the appellants were gainfully employed. Assuming this to be true, there is no evidence in the record as to what was earned by the appellants during this period of time, nor that they were able after the payment of necessary living expenses to employ counsel in their defense.

It is our conclusion that the appellants were indigent and entitled to the appointment of counsel at the time request therefor was made by them regardless of whether the appellants ought to have been able to earn sufficient funds with which to employ counsel. It follows that the trial judge was in error in refusing to appoint counsel when requested by the appellants.

The other question for decision is whether the trial judge erred in holding that the appellants were not entitled to a trial jury consisting of twelve persons. The appellants urge that under Article I, Section 25 of the 1895 Constitution of South Carolina that "The right of trial by jury shall be preserved inviolate", and this means a jury of twelve.

The practical question for decision is whether Section 15-671 of the Code, which provides that when a jury is required in the trial of a criminal case in the Greenville County Court the jury shall consist of six persons, violates the above quoted provision of the Constitution.

We think that the decision of this court in the case of *State v. Klugh*, 127 S. C. 429, 121 S. E. 262, is a complete answer to the foregoing question. In the cited case the defendant was convicted in the County Court of Greenwood County for violation of the Prohibition Law. Upon appeal to this court from an affirmance of such conviction in the General Sessions Court of Greenwood County the defendant contended that the Act under which the County Court was established is unconstitutional in providing for a jury of six instead of twelve men. This court affirmed and held

that in view of the provisions of Article V, Section 22, of the Constitution, "The jury in cases civil and criminal in all municipal courts, and the courts inferior to circuit courts, shall consist of six" there is no ground for the contention. The appellants have not attacked or argued against the holding of the court in the *Klugh case*. We point out that the Act creating the Greenwood County Court, except for immaterial changes, is similar to the Act creating the Greenville County Court. In the Act creating each of said County Courts it is provided for a jury of six instead of twelve men. We think the trial judge was correct in holding that the appellants were not entitled to a trial jury consisting of twelve persons.

One other question is raised by the appellants, but since this case is being sent back for a new trial that question need not be decided.

Having found that the trial judge was in error in refusing to appoint counsel for the appellants when requested, the verdict of guilty and the judgment of imprisonment thereon are set aside and a new trial is ordered in accordance with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.