18846

William B. THOMPSON, Appellant, v. STATE of South Carolina *et al.,* Respondents

(164 S. E. (2d) 760)

594

*Messrs. Jack F. McGuinn* and *G. Raymond McElveen, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair* and *Edward B. Latimer, Assistant Attorneys General,* of Columbia, *for Respondent,*

December 4, 1968.

Moss, Chief Justice.

This is an appeal from an order of The Honorable John Grimball, Resident Judge of the Fifth Circuit, dismissing a writ of *habeas corpus* and remanding the prisoner, William B. Thompson, to the custody of the South Carolina Penitentiary, where he is presently serving a sentence of forty years, imposed upon him on April 20, 1965. It appears from the record that the appellant herein was indicted and charged with the crime of assault with intent to ravish, a capital offense. Section 16-72 of the Code. When this case was called for trial the defendant upon his arraignment entered a plea of "not guilty". Thereafter, the defendant withdrew the aforesaid plea of not guilty and entered a plea of guilty of an assault with intent to ravish with a recommendation to the mercy of the court. The aforesaid plea was accepted without a jury being impaneled and this procedure was authorized by Section 17-553.4 of the cumulative supplement to the Code.

William B. Thompson filed a petition for a writ of *habeas corpus* on October 26, 1966. The writ was duly is-

sued and dismissed after a full hearing. At the hearing the appellant was represented by court appointed counsel. This is an appeal from the order dismissing the *habeas corpus* proceeding.

The first ground of appeal is that the arrest of the appellant was unlawful due to the fact that no warrant was ever issued and such was necessary in order to give the General Sessions Court jurisdiction of the crime with which the appellant was charged. It appears from the record that a Ministerial Recorder of Richland County issued a warrant of arrest on November 1, 1964, charging the appellant with the crime of "attempted rape and burglary." The appellant was indicted at the December 1964 Term of General Sessions Court for Richland County and charged with the crime of assault with intent to ravish and it was to this indictment that the plea of guilty with a recommendation to mercy was entered by the appellant.

It is the apparent position of the appellant that even though the office of Ministerial Recorder of the City of Columbia was established by the General Assembly, Section 15-1058 *et seq.* of the 1962 Code of Laws, there was no constitutional authority authorizing such an office and hence no such judicial office existed with the authority to issue a warrant in this case. It is unnecessary for us to decide the aforesaid question because the grand jury of Richland County was authorized to indict for any crime, which was not within the exclusion jurisdiction of a Magistrate or other inferior court, whether or not there has been prior proceedings before a Magistrate and an arrest warrant issued. *State v. Walker,* 232 S. C. 290, 101 S. E. (2d) 826, and the cases therein cited. It follows that the grand jury was authorized to indict the appellant for the crime of assault with intent to ravish and without any procedure before any inferior court.

It is next contended by the appellant that his plea of guilty, while represented by counsel, was tainted by statements made by him to law enforcement officers, allegedly in-

voluntary, or coerced by fear and misrepresentation so as to render that plea involuntary and in violation of due process of law. It is further contended by the appellant that he was unlawfully deprived of the right of counsel at the time his alleged confession was obtained.

A person seeking relief by writ of *habeas corpus* has the burden of sustaining the allegations of his petition by a preponderance of the evidence. *Bailey v. MacDougall,* 247 S. C. 1, 145 S. E. (2d) 425. The burden upon the appellant here was to show that his plea of guilty was influenced by the evidence of the confession or his alleged illegal detention.

It appears from the record that the appellant was arrested without a warrant immediately following the commission of the crime with which he was charged. The appellant did make certain statements to the arresting officers following his incarceration but such statements were more of an exculpatory than inculpatory nature. The record shows that the mother of the appellant immediately employed counsel. A preliminary hearing was held and attended by such counsel. The record established also that the appellant was arraigned on January 20, 1965, and, at such time was represented by retained counsel. The case was not called for trial until April 20, 1965, and at that time he was represented by the same attorney by appointment of the court along with a second attorney. At the time the appellant entered a plea of guilty of the crime of assault with intent to ravish he did so after full consultation with his attorneys and members of his family. The trial judge found that this plea of guilty was freely and voluntarily entered. The evidence amply sustains this finding of fact. The appellant testified that he talked with his attorneys at various times prior to the entry of his plea of guilty and he was told of the possible sentences that he might receive if found guilty. We quote the following from the testimony of the appellant:

"Q. * * * And you decided to enter a plea of guilty to the charge of assault with intent to ravish with recommendation to the mercy of the court, isn't that correct?

"A. Yes, sir."

And again we quote from his testimony:

"Q. And that was your free and voluntary wish at that time, was it not?
"A. That's right.
"Q. And it was your decision to make and you made it?
"A. That's right.
"Q. And you decided to enter this plea of guilty?
"A. Yes, sir."

The appellant was represented by an experienced and competent attorney. This attorney was called as a witness in the *habeas corpus* hearing and testified that he represented the appellant at the preliminary hearing and, thereafter, made a full investigation of the facts in this case and advised the defendant concerning his plea of guilty. This attorney testified positively that the plea of guilty entered by the appellant was his own voluntary act and not the result of any promise of reward or fear on his part.

The evidence here sustains the finding of the trial judge that the plea of guilty made by the appellant was freely and understandingly made. The fact that the appellant's plea of guilty was made following a confession obtained during his detention does not of itself make the plea involuntary and invalid. What was said in the case of *Busby v. Holman,* 5 Cir., 356 F. (2d) 75, can be appropriately applied here. We quote therefrom the following:

"It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-

jurisdictional defects in the prior proceeding against him. The judgment and sentence which follow a plea of guilty based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor. Accordingly, a confession in the possession of the prosecutor which has been illegally obtained cannot be made the basis for a collateral attack upon a judgment of conviction entered upon a plea of guilty voluntarily and understandably made."

The appellant having voluntarily and understandingly entered a plea of guilty, such was a confession of guilt made in a formal manner and was equivalent to and as binding as a conviction after a trial on the merits. It had the same effect as a verdict of guilty and authorized the imposition of the punishment prescribed by law.

The third question for decision is whether the sentence of forty years imposed by the court after the plea of guilty was cruel and unusual punishment in a constitutional sense.

Section 16-72 of the Code provides that the punishment for assault with intent to ravish with a recommendation to mercy shall be for a term not exceeding forty years nor less than five years at the discretion of the presiding judge.

Prior to imposing sentence upon the appellant, the trial judge, in open court, in the presence of the defendant and his counsel, was advised of all relevant facts in aggravation or mitigation of punishment. The appellant's previous criminal record was before the court and included was the statement of his own counsel that appellant had served a sentence before for a similar attempt. Based upon the information obtained the trial judge saw fit to impose a sentence of forty years and the appellant now contends that such sentence was too severe.

This court has repeatedly held that it has no jurisdiction on appeal to correct a sentence alleged to be excessive when it is within the limits prescribed by

law for the discretion of the trial judge, and is not the result of partiality, prejudice, oppression or corrupt motive. *State v. Bell,* 215 S. C. 311, 54 S. E. (2d) 900, and *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481. The forty year sentence was imposed pursuant to Section 16-72 of the Code, and being within the limits of its provisions, this court is without authority to change the sentence.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.