18999

Richard DAVIES, Appellant, v. STATE of South Carolina and William D. Leeke, Director, South Carolina Department of Corrections, Respondents.

(171 S. E. (2d) 720)

*Messrs. Charles W. Knowlton* and *Charles E. Baker,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair, Assistant Attorney General,* of Columbia, *for Respondents,*

504

*Messrs. Charles W. Knowlton and Charles E. Baker,* of Columbia, *for Appellant,*

January 5, 1970.

LEWIS, Justice.

Appellant, Richard Davies, without counsel, pled guilty in the Court of General Sessions for Colleton County, on June 14, 1965, to having committed the crimes of armed robbery, larceny and housebreaking. He received a sentence of eighteen years for armed robbery, and additional concurrent sentences of five years on each of the charges of housebreaking and larceny, which he is now serving in the South Carolina Department of Corrections. Under date of May 27, 1968, appellant filed a petition for a writ of habeas corpus seeking to have his guilty plea set aside on the grounds that it was coerced and he was denied counsel at the time he entered it. This petition was dismissed by an order the lower court after a full hearing, from which this appeal is prosecuted.

The parties agree that the exceptions present two basic questions for determination, to wit:

(1) Did appellant waive his constitutional right to the assistance of counsel at the time he entered his guilty plea; and

(2) Was his plea of guilty made voluntarily with a proper understanding of what the plea meant and the consequences thereof?

The lower court found as a fact that appellant did waive his right to counsel and entered his plea voluntarily and

understandingly. The record abundantly sustains such findings.

The crimes to which appellant plead guilty were committed in Colleton County, South Carolina, on November 14, 1964. Appellant was arrested in Dallas, Texas, about November 25, 1964. He was subsequently interrogated in Texas by a South Carolina officer, thereafter waived extradition, was brought back to South Carolina, and placed in the Colleton County jail. An indictment was returned by the grand jury at the April 1965 term of the Court of General Sessions for Colleton County, jointly charging appellant and two codefendants with the commission of the crimes.

Appellant and his codefendants were brought before the Court on May 27, 1965 for the purpose of arranging for the appointment of counsel for them. They were informed of their right to counsel and their right to have counsel furnished them free of charge if they were indigent. All, including appellant, informed the court that they had funds with which to employ counsel and did not desire that the court appoint counsel for them. They were informed at that time that their case would be called at the next term of court which commenced on June 14, 1965. The Sheriff, in whose custody they were detained, was instructed by the court to permit them full opportunity to communicate wth attorneys if they so desired.

It appears that shortly after their appearance before the court on May 27, 1965, appellant and his codefendants were removed from the Colleton County jail to the State Penitentiary in Columbia for safekeeping and were brought before the court again on June 14, 1965 for trial. They had been in custody continuously since their arrest. Upon their arraignment, they were asked if they had procured counsel and replied that they had not. All stated to the court that, although they were told that they would have ample opporunity to retain counsel, such had been denied to them. They requested additional time in which to employ

an attorney. The court deferred a ruling on the request for additional time, instructed the officers to forthwith afford the defendants every reasonable opportunity to get in touch with counsel, and announced to the defendants that the court would tell them later what disposition would be made of their request.

Following a recess in the court proceedings, during which appellant was offered effective assistance to procure an attorney, he and his codefendants were returned to the courtroom and the Solicitor announced that all defendants had advised him of a desire to enter a plea of guilty. The court then made a detailed inquiry of the defendants to ascertain whether they waived counsel and whether their plea was voluntary. All defendants were present and heard the similar inquiries and explanations made by the court to each.

The full details of the crime were related in the presence of the appellant and his codefendants, the nature of the various offenses was explained, and the record shows that the conduct which the appellant admitted constituted the offenses to which he pleaded guilty.

Appellant relies mainly upon the decisions in *Boykin v. Alabama*, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274, and *Dixon v. State,* S. C., 168 S. E. (2d) 770 to sustain his contention that he was deprived of his constitutional rights. Neither decision dictates the result sought by appellant. Boykin was decided on June 2, 1969, subsequent to the plea in this case, and is not retroactive. *Halliday v. United States,* 394 U. S. 831, 89 S. Ct. 1498, 23 L. Ed. (2d) 16. Dixon is distinguishable upon the facts. There defendant was sentenced to *consecutive* sentences for closely connected offenses. The record did not disclose the facts of the crime and there was nothing from which we could determine whether sufficient explanation was given by the court of the several charges so that the accused might intelligently plead thereto. We accordingly vacated the pleas because the record failed to show that they were intelligently and understandingly entered.

The belated claims of appellant that he was unlawfully deprived of counsel and coerced into entering a plea of guilty are completely refuted by the record. He was not illiterate. He had a prior criminal record and had been in criminal court before. The record shows a painstaking effort on the part of the trial judge to protect every right of appellant. There is a toal absence of any coercive circumstance in connection with the waiver of counsel and the entry of the guilty plea. The incidents, which appellant now claims so vitally affected his constitutional rights, were such as could have been brought to the attention of the court at the time of the guilty plea, if they existed, when every opportunity was afforded to do so. His unexplained failure to do so strongly supports the inference that they never occurred. Regardless of appellant's present claim that he was denied the opportunity to obtain counsel, this record shows that he was afforded such opportunity by the court on June 14, 1965 and that he, instead, shortly thereafter elected to waive his right to counsel and enter a guilty plea. We agree with the findings of the lower court that appellant freely, voluntarily, and understandingly waived his right to counsel and entered a plea of guilty to the charges against him.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.