## 19125

Charles J. HUGHEY, Appellant, v. The STATE of South Carolina, Respondent.

(177 S. E. (2d) 553)

*Thomas L. Hughston, Jr., Esq.,* of Greenwood, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair* and *John P. Wilson, Assistant Attorneys General,* of Columbia, *for Respondent,*

November 9, 1970.

LITTLEJOHN, Justice:

In two separate indictments the appellant, Charles J. Hughey, was charged (1) with larceny and receiving stolen goods (a Chevrolet from a Claude Metts), and (2) with armed robbery, larceny, assault with intent to kill (upon and from Highway Patrolman Sullivan) and with carrying a pistol unlawfully.

On April 15, 1969 appellant appeared in court with his two appointed lawyers and entered pleas of guilty to (1) larceny of the Metts Chevrolet and (2) armed robbery of Patrolman Sullivan. Judge James B. Morrison accepted these pleas and sentenced Hughey to five years for grand larceny and twenty years for armed robbery, to run concurrently.

On November 3, 1969 Hughey filed a petition for a writ of *habeas corpus.* After a hearing which lasted portions of two days, Judge Francis Nicholson held the petition to be

without merit. The facts out of which these charges arose are not greatly, if at all, in dispute.

It appears that on January 22, 1969, while State Highway Patrolman C. M. Sullivan had Hughey under arrest for driving a motor vehicle without a driver's license, and while they were enroute to the jail, Hughey drew a concealed pistol and placed it to the patrolman's head. He then took the patrolman's gun from his holster and ordered him to drive to another part of town and told him to stop the car and get out. As the patrolman was getting out of the car Hughey started shooting at him, but he escaped, and Hughey drove off in the patrol car. Later the patrol car was abandoned. In order to escape Hughey stole the Chevrolet from Mr. Metts. He was apprehended in Richland County and remained there until he was brought to Greenwood for trial.

The question presented for determination by this court is whether the guilty pleas entered by appellant were voluntary and met the standards of due process of law relative to knowledge and understanding the consequences of the pleas.

The appellant asserts that failure of his counsel to move for a change of venue as permitted by Section 17-458 of the Code, denied him the constitutional guarantee of a fair and impartial trial. His attorneys first consulted with him on the day prior to the entry of the pleas. One of the trial attorneys testified at the *habeas corpus* hearing that Hughey had not asked for a change of venue. He failed to convince the circuit judge that he in fact demanded a change of venue. The judge, for the purpose of his ruling, assumed that such a request was made and held that he was not prejudiced thereby. No showing was made at the *habeas corpus* hearing which would have warranted the granting of a motion to change venue. Those charges on which the accused denied guilt and which might have necessitated a jury trial were dropped by the State.

The main thrust of Hughey's appeal is found in the second argument: that his guilty pleas were accepted without any questioning by the sentencing judge as

to Hughey's understanding of the consequences of the pleas, and in violation of *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969). That decision does not dictate the result sought by appellant. *Boykin* was decided on June 2, 1969, subsequent to the plea in this case, and is not retroactive. *Davies v. State,* 253 S. C. 501, 507, 171 S. E. (2d) 720 (1970).

Despite the absence in the record of a detailed inquiry by the trial judge relative to the questions of the voluntary, intelligent nature of the pleas, as would be required today by *Boykin,* the conclusion is inescapable from an analysis of the record that the appellant was afforded due process of law. The record reveals that his trial counsel had fully advised him of the possible sentences, of his right to a jury trial, and of his possible defenses. There is no serious question as to the guilt of the appellant on those charges to which he entered guilty pleas. In response to questions by Judge Nicholson at the *habeas corpus* hearing the appellant testified as follows:

"The Court: Let me ask you just a few things, Hughey. You understood you were entering a plea of guilty to first the theft or larceny of the automobile of a Mr. Metts, is that correct?

"A. Yes, sir.

"The Court: And a plea to the offense of armed robbery? Did you understand that?

"A. Yes, sir.

"The Court: And you told me today, as I understand it— now you correct me if I'm wrong—that you were guilty of those offenses?

"A. Yes, sir.

"The Court: In the sense that you took Mr. Metts' automobile?

"A. Yes, sir.

"The Court: And that you held a pistol on Mr. Sullivan and took his automobile?

"A. Yes, sir."

The belated claims of appellant are completely refuted by the record. He was not illiterate. He was represented by two able attorneys at trial. There is a total absence of any coercive circumstance in connection with the entry of the guilty plea. We agree with the lower court that appellant freely, voluntarily, and understandingly entered a plea of guilty to the charges against him. The voluntariness of the plea was established to the satisfaction of the trial judge and to the satisfaction of this court under procedures appropriate prior to *Boykin.*

Judge Nicholson properly dismissed the petition, and his order is,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.