19129

Isom DILLARD, Appellant, v. STATE of South Carolina, General Sessions Court of Greenville County, South Carolina, Respondents

(177 S. E. (2d) 788)

*William T. Toal, Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair* and *John P. Wilson, Assistant Attorneys General* and *B. O. Thomason, Sol.,* of Greenville, *for Respondents,*

November 23, 1970.

Moss, Chief Justice:

This is an appeal from an order of the circuit court dismissing a writ of *habeas corpus* and requiring Isom Dillard, the appellant herein, to serve a life sentence imposed upon him by the Court of General Sessions in Greenville County, South Carolina, on October 25, 1962.

The appellant was brought to trial in the Court of General Sessions for Greenville County, South Carolina, on October 25, 1962, on an indictment charging him with the murder of one Floree Gault. At the trial the appellant was represented by retained counsel. After the State had presented its case, the appellant withdrew his plea of not guilty and tendered a plea of guilty to murder with a recommendation to mercy. This plea was consented to by the State and approved by the trial judge.

The appellant, on January 4, 1965, filed his petition for a writ of *habeas corpus,* alleging that his retained counsel was incompetent and that his guilty plea was not voluntarily and knowingly made. The State duly filed a return to the petition. Upon this petition the circuit judge issued the writ of *habeas corpus* and the matter was heard by the Honorable William L. Rhodes, Jr., presiding judge, on January 15, 1965, the appellant, at the time, being represented by appointed counsel. By his order of March 4, 1965, the presiding judge found that the grounds upon which the appellant alleged that his imprisonment was contrary to law were without merit, and the writ was discharged and the appellant remanded to custody. This appeal followed.

The appellant, by his exceptions, raises two questions: (1) Was the trial judge in error in holding that the appellant's guilty plea was knowingly and voluntarily made; and (2) Should the appellant be granted a new trial for the reason that the judge before whom his plea of guilty was made failed to satisfy himself of the voluntariness of the appellant's plea prior to accepting such and failed to inform him of the consequences thereof.

A person seeking relief by writ of *habeas corpus* has the burden of sustaining the allegations of his petition by a preponderance of the evidence. *Thompson v. State,* 251 S. C. 593, 164 S. E. (2d) 760. It follows that the burden was upon the appellant to show that his plea of guilty was involuntarily made and without knowledge of its consequences. In determining the question posed, we must look to the evidence for the answer.

The appellant, during the course of his trial, was represented by an attorney of his choosing who had been in the practice of law at the Greenville Bar for approximately twenty-two years. The appellant testified that his attorney, without consultation with him, advised the court that the appellant wished to withdraw his plea of not guilty and enter a plea of guilty to murder with a recommendation to mercy. He admitted that this was done in his presence and that he made no objection thereto. He admitted that after the aforesaid plea had been tendered and accepted by the State, and with the approval of the trial judge, he signed such a guilty plea on the back of the indictment and it was witnessed by the clerk of court.

The appellant's retained counsel was called as a witness. He testified that after he had secured the appellant's release on bond that he had a conference with the appellant and several others, including his sister from Washington, D. C. In addition to discussing the evidence, he advised the appellant and those present of the possible verdicts that a jury could render and the sentences that would follow such. He

further stated that according to the evidence and his investigation, the appellant had stabbed the deceased thirty times with an ice pick and that, in his opinion, "Ike had no defense."

The appellant's trial counsel stated that at the conclusion of the State's case he conferred with the appellant and said to him, "Ike, I wouldn't take a chance from the testimony and evidence that I have heard", and in response thereto the appellant replied, "You do what you think is best." We feel it appropriate to the determination of the question posed to quote from the record the following portion of the testimony as offered by the appellant's trial attorney:

"Q. Did you or not have Ike's complete consent when you changed his plea?

"A. Yes, sir.

"Q. All right, sir. In your opinion, did he understand what he was doing?

"A. Yes, sir.

"Q. Did or not the judge question him before he sentenced him?

"A. Yes, sir. The judge asked him did he have anything to say before he passed the sentence. As a matter of fact, Ike stood mute, said nothing."

The trial judge, in his order dismissing and discharging the writ of *habeas corpus*, stated:

"I further find that the petitioner, Isom Dillard, was fully represented by able counsel at his trial on October 25, 1962, and that his plea of guilty to murder with a recommendation to mercy in connection with the death of Floree Gault was with his consent and understanding."

We are convinced, as was the trial judge, that the plea of guilty by the appellant to the charge of murder with a recommendation to mercy was voluntarily and understandingly made and he was aware, at the time, of the consequences of the plea and the sentence which could be imposed.

The appellant contends that the trial judge committed error in accepting his plea of guilty to murder with a recommendation to mercy without determining that the plea was made voluntarily with the understanding of the nature of the charge and the consequences of such plea.

The record reflects that the trial judge made no inquiry of the appellant as to whether his plea of guilty was being made voluntarily and understandingly nor was he advised of the sentence that could be imposed as a result of such plea.

The appellant relies on the reasoning announced in *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274, where the Supreme Court of the United States held that it was error for the trial judge to accept a guilty plea without an affirmative showing on the record that such plea was voluntarily and understandingly entered. The *Boykin* case was decided on June 2, 1969, and the plea of guilty was made by the appellant on October 25, 1962, and, therefore, is not here controlling, as we ruled in *Davies v. State,* 253 S. C. 501, 171 S. E. (2d) 720, that *Boykin* would not be accorded retroactive effect.

In view of our decision to only prospectively apply *Boykin,* which is now the prevailing view, the appellant's final question is to be determined in accordance with the rule announced by this court in *Thompson v. State,* 248 S. C. 475, 151 S. E. (2d) 221, where we said:

"It is our view that where an accused represented by counsel was sufficiently informed of the consequences of his plea of guilty that no further admonition by the court as to such consequences was necessary, or, at least, that the failure to give such admonition was not prejudicial error."

It is our conclusion that the petition for a writ of *habeas corpus* was properly dismissed by the trial judge. It follows that the exceptions of the appellant are overruled and the judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.