19145

Robert H. BAXLEY, Appellant, v. The STATE of South Carolina *et al.,* Respondents

(178 S. E. (2d) 535)

*Messrs. Richard G. Lawrence,* and *W. Bailey Watson,* of Hanahan, *for Appellant,*

*Robert B. Wallace, Esq.,* of Charleston, *for Respondents,*

January 11, 1971.

LITTLEJOHN, Justice.

The appellant, Robert H. Baxley, is serving a life sentence for murder. He applied for a writ of *habeas corpus,* asking that he be released or "granted any other relief." Judge Clarence Singletary held a hearing and denied the application for release, for a new trial, or other relief. Baxley now appeals. We affirm the order of the lower court.

Baxley was indicted in May 1957 for murder of a police officer. He was represented at the trial (plea), as he had been at the inquest and at the preliminary hearing, by experienced counsel employed by him. At the time of the arraignment he pleaded not guilty. After the impaneling of the jury to commence the trial, he changed his plea to guilty. The solicitor and the trial judge accepted the plea and the judge instructed the jury to return a verdict of guilty with recommendation to mercy. Thereupon Baxley was sentenced to life imprisonment, which was the most favorable sentence permitted by law for one found guilty or pleading guilty to murder. The penalty by statute for murder is death unless the jury recommends mercy.

In the statement it is agreed "that no transcript was made of the trial at which the appellant purportedly pled guilty, was sentenced and convicted." And it is further agreed that the presiding judge, the clerk of court, and Baxley's retained counsel are deceased.

Baxley first alleges error on the part of the lower court in denying a new trial or release when there was no record of the trial and conviction and no way for the court to ascertain whether the guilty plea was in fact voluntary. To support this contention he relies on *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969). This case requires that a record be made up of proceedngs incident to a guilty plea, but it was decided twelve years after the plea here involved and is not retroactive. Such court records were not requirde in 1957. See

*Davies v. State,* 253 S. C. 501, 507, 171 S. E. (2d) 720 (1970) ; *Hughey v. State,* 255 S. C. 155, 177 S. E. (2d) 553 (1970).

At the hearing in the lower court, for reasons not appearing in the record, the State proceeded with its side of the case and presented all of the evidence it apparently had relevant to the proceeding in the 1957 court. Baxley did not testify nor offer witnesses to prove his contention, even though the burden of proof was on him. Inasmuch as evidence was presented by the State, he was of course entitled to take advantage of any showing presented to the court by either side, helpful to his contention.

Judge Singletary noted that "the official records of the office of the clerk of court are convincing that the proper procedures were followed in the indictment, arraignment, calling of the case, impaneling of the jury, and presentation of the guilty plea." We agree; Baxley's contention is without merit.

Baxley next submits that his conviction cannot be upheld because the "scheme" under which he pled guilty was unconstitutionally coercive of guilty pleas. This contention cannot stand in light of the recent United States Supreme Court case of *North Carolina v. Alford,* 400 U. S. —, 91 S. Ct. 160, 27 L. Ed. (2d) 162 which upheld the validity of such pleas.

The decision of the lower court is therefor,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.