**19197**

The STATE, Respondent, v. Gene HAM, Appellant

(180 S. E. (2d) 628)

*Messrs. Mordecai C. Johnson,* of Florence, *Frank E. Cain, Jr.,* of Bennettsville, *John A. Gaines,* of Rock Hill, *Jack Greenberg,* and *Jonathan Shapiro,* of New York, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Timothy G. Quinn, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

*Messrs. Mordecai C. Johnson,* of Florence, *Frank E. Cain, Jr.,* of Bennettsville, *John A. Gaines,* of Rock Hill, *Jack Greenberg,* and *Jonathan Shapiro,* of New York, *for Appellant, in Reply,*

April 7, 1971.

LITTLEJOHN, Justice:

The Defendant, Gene Ham, appeals from his conviction of possession of illegal drugs in violation of § 32-1506(d) (1962 Code as amended). We affirm. The facts leading to his arrest and conviction may be summarized as follows:

On May 15, 1970, the appellant was arrested in Florence on the basis of four warrants which charged him with possession of stimulant drugs. Following his arrest he was taken to the city jail and searched; the search revealed a quantity of an unidentified substance. Thereafter a fifth arrest warrant was issued charging him with possession of marijuana.

On May 28 and 29 a preliminary hearing was held and probable cause found to bind Ham over to the General Sessions Court. On June 1, 1970, the grand jury returned true bills and on June 2 the State proceeded to trial on the indictment charging possession of marijuana.

At the conclusion of the evidence the matter was submitted to the jury which returned a guilty verdict. Motions for judgment N.O.V. and a new trial were denied. Appellant was sentenced to eighteen months and this appeal follows.

Appellant raises twelve issues for determination by this court; we deal with them as they were presented in the briefs.

Appellant contends first that his initial arrest was not made pursuant to a valid arrest warrant and that the evidence seized after the arrest was therefore inadmissible. We find from an analysis of the record that no objection to the admission of the marijuana was made at trial

on this ground. At trial appellant questioned only the competency of the State's witness to identify the seized substance as marijuana.

Appellant next contends that mere possession of marijuana cannot, consistent with due process, be made a crime. He relies primarily on *Stanley v. Georgia,* 394 U. S. 557, 89 S. Ct. 1243, 22 L. Ed. (2d) 542 (1969). *Stanley* dealt solely with the possession of allegedly obscene materials in one's home, and is clearly inapplicable here.

The statute itself, as the trial judge stressed in his jury charge, requires more than "mere" possession. The trial judge correctly set forth the presumption of innocence and reasonable doubt, along with the requirement of "knowing" possession.

Appellant's third contention, that a change of venue should have been granted because of prejudicial publicity, is, after an analysis of the exhibits presented, completely without merit. The two newspaper clippings and one editorial concerning drug abuse did not name the defendant or refer in any way to his trial. The trial judge did not abuse his broad discretion in this case to determine fairness. *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752 (1966).

Appellant next contends that denial of his continuance motion was prejudicial error. He cites *Powell v. Alabama,* 287 U. S. 45, 53 S. Ct. 55, 76 L. Ed. 1278 (1932); that case involved the very different factual situation in which Negroes, accused of raping a white woman, were never given the effective aid of counsel. *State v. Black,* 243 S. C. 42, 132 S. E. (2d) 5 (1963) relied on by appellant, involved a capital offense where the death sentence had been imposed on the defendant. There, the only experienced counsel for the defendant had become ill and was unable to effectively participate in the trial. In the case at bar appellant was continuously and ably represented. A continuance is within the broad discretion of the trial judge. *State*

*v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657 (1969), and that discretion was not abused here where seventeen days elapsed from the arrest to the beginning of trial.

Appellant next contends that the trial judge erred in refusing to ask proposed *voir dire* questions. § 38-202 (1962 Code) sets forth the basic *voir dire* questions required by law; that section also permits a defendant to introduce competent evidence in support of any objections to a juror. The basic questions referred to in the section were covered. Appellant has failed to carry burden of showing that other questions should have been asked to assure a fair and impartial jury. Certainly there is no showing of an abuse of discretion allowed a trial judge in this State. *State v. Britt,* 273 S. C. 293, 117 S. E. (2d) 379 (1960).

Appellant's next contention is that the trial judge abused his discretion in refusing to allow counsel to withdraw as retained attorney for defendant. It is alleged that the judge should have made a factual determination that the defendant was indigent. He cites *State v. Cowart,* 251 S. C. 360, 162 S. E. (2d) 535 (1968) for the rule that when one claims to be indigent the judge must make an affirmative determination of indigency. *Coward* is inapposite to this case in that the defendants there, two minors, appeared at the outset with no lawyer and the trial judge refused to appoint one. Here appellant had counsel for the preliminary hearing and for pretrial; he appeared with this same counsel at trial; the lawyer apparently found that Ham was unable and/or unwilling to pay and sought to be appointed so that the State could pay his fee. The prejudice, if any, resulted to the lawyer's purse and not to the appellant; it does not in any way go to the substance of appellant's conviction.

Appellant next contends that the court below committed reversible error in allowing a laboratory technican to testify as an expert witness and identify the

marijuana. The witness was Lt. Wilson of the South Carolina Law Enforcement Division. He stated to the court that he had identified marijuana on numerous occasions and had seen it growing in the field. He was qualified to make the identification. The law in this State does not require a man to have a professional degree to qualify as an expert. Such determinations rest in the discretion of the trial judge. *Parks v. Morris Homes Corp.*, 245 S. C. 461, 141 S. E. (2d) 129 (1965) and also McCormick, Evidence § 13 (1954).

Appellant's next two contentions form the substance of this appeal; we treat them as one. Basically, appellant contends that the State attempted to prove him guilty of violating the wrong statute. Appellant contends that his trial should have been under that section of the code dealing with "narcotic" drugs rather than that dealing with "depressant and stimulant" drugs.

§ 32-1506(d) of the code as amended May 1, 1970, under which the indictment was brought makes unlawful, "(d) the possession of a depressant, stimulant, counterfeit, or *illegal* drug by any person, unless such person obtained such drug on the prescription of a practitioner, or in accordance with Section 2(a) 2." (Emphasis added.)

The 1970 amendment places "illegal" drugs within the class prohibited by § 32-1506(d). Narcotic drugs are illegal drugs as defined in § 32-1505(b), and marijuana is classed as a narcotic drug in § 32-1462(12) of the 1962 Code as amended.

This act became law on May 1, 1970, two weeks before appellant was arrested. It follows that appellant was indicted on the correct statute.

Appellant's next contention is that the indictment should have been quashed because it fails to allege the offense substantially in the language of the statute. Appellant did not enumerate this ground in his motion to quash, and is precluded from doing so now. There can be

no doubt that the indictment placed the defendant on notice that he was charged with possession of marijuana. The language of the indictment was clearly sufficient to advise him of the nature of the charge.

Finally, appellant contends that the imposition of an 18 months sentence on a first offender constituted cruel and unusual punishment. The sentence imposed was less than the statutory maximum and there is no showing of partiality, prejudice or corrupt motive by the sentencing judge. *Thompson v. State,* 251 S. C. 593, 164 S. E. (2d) 760 (1968).

Accordingly, the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, J., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting):

The appellant is a locally well-known, young, black, bearded, civil or "human" rights activist, who contended, *inter alia,* that marijuana was planted upon him by law enforcement officers who were "out to get him." The jury panel was composed of six blacks and thirty whites. The appellant requested *voir dire* examination of the prospective jurors and specifically requested that the following questions, *inter alia,* be asked.

"1. Would you fairly try this case on the basis of evidence and disregarding the defendant's race?

"2. You have no prejudice against Negroes? Against black people? You would not be influenced by the use of the term 'black'?

"3. Would you disregard the fact that this defendant wears a beard in deciding this case?"

The Trial judge declined to ask the foregoing questions, ruling that they were not relevant. Instead, His Honor asked the jurors only the three basic questions specifically required

by Sec. 38-202 of the 1962 Code. Under the facts and circumstances of this case and the principles enunciated by the United States Supreme Court in the case of *Aldridge v. United States* (1931), 283 U. S. 308, 51 S. Ct. 470, 75 L. Ed. 1054, (which decision is binding upon this Court), I conclude that His Honor was in error in summarily disposing of the proposed questions as irrelevant. It was, of course, not necessary for the court to ask questions in precisely the form presented, but under the *Aldridge* case it was required, I think, to inquire of the jurors whether they had any prejudice because of these particular matters which would prevent them giving a fair and impartial verdict.

The case of *State v. Young,* 238 S. C. 115, 119 S. E. (2d) 504, relied upon by the respondent as sustaining the action of the trial judge, is clearly distinguishable on the facts. In fairness to the lower court, his ruling in this respect finds some support in *State v. Bethune* (1910), 86 S. C. 143, 67 S. E. 466, and *State v. Bethune* (1912), 93 S. C. 195, 75 S. E. 281. The *Aldridge* case *supra,* is however, I think controlling.

The defendant in my opinion is entitled to a new trial and I would reverse and remand to that end.

BRAILSFORD, J., concurs.