STATE OF NORTH CAROLINA v. LAWRENCE F. HENSON

No. 738SC719

(Filed 19 December 1973)

**Criminal Law § 114— corroboration of prosecutrix — expression of opinion in charge**

In this prosecution for assault with intent to commit rape, the trial judge expressed an opinion on the evidence when he stated in the charge that three witnesses had corroborated the testimony of the prosecutrix since the question of whether the testimony of a witness corroborates that of another witness is a question of fact for the jury.

APPEAL by defendant from *Martin (Perry), Judge,* 21 May 1973 Session of Superior Court held in WAYNE County.

Defendant was charged in a bill of indictment, proper in form, with the felony of assault with intent to rape. He was found guilty as charged and sentenced to an active term of imprisonment.

*Attorney General Morgan, by Assistant Attorney General Hafer, for the State.*

*Turner and Harrison, by Fred W. Harrison, for the defendant.*

BROCK, Chief Judge.

The State's evidence was sufficient to support a verdict of guilty as charged.

During the course of the trial judge's instructions to the jury he stated the following:

"Evidence has been received by the State corroborating or tending to show that at an earlier time the prosecuting witness made a statement consistent with her testimony at this trial.

"The court recalls in particular that two friends of hers that she talked to corroborated her testimony in the manner in which I have described and that a deputy sheriff likewise corroborated her testimony by testifying that she told them substantially the same thing at an earlier time when she was not under oath. However, that is for you to determine in your review of the evidence and recollection of all the evidence."

Defendant assigns the foregoing as error in that the trial court expressed an opinion to the jury upon the evidence. This assignment of error is sustained. The error of the positive statement by the trial judge that three witnesses had corroborated the testimony of the prosecuting witness was not cured by the later general statement that it was for the jury to determine. The question of whether the testimony of a witness corroborates that of another witness is a question of fact for the jury. *State v. Byrd*, 10 N.C. App. 56, 177 S.E. 2d 738.

The remaining assignments of error are not discussed because the questions probably will not arise on a new trial.

New trial.

Judges PARKER and VAUGHN concur.