PEOPLE v WRAY

1. Criminal Law—Jury—Voir Dire—Racial Prejudice—Constitu-
   tional Law.

   The Equal Protection and Due Process Clauses of the Fourteenth
   Amendment impose a duty upon a trial court to question jurors
   on the subject of racial prejudice (US Const, Am XIV).

2. Criminal Law—Jury—Voir Dire—Racial Prejudice.

   A trial court during the voir dire examination of prospective
   jurors is not required to ask a defendant's requested questions
   concerning the possible racial bias of the jurors verbatim, but it
   is reversible error not to ask specific questions dealing with the
   particular subject of racial prejudice.

3. Criminal Law—Jury—Voir Dire—Racial Prejudice—Appeal
   and Error—Constitutional Law.

   A trial court's failure to inquire into the subject of possible racial
   prejudice on the part of the jurors during its voir dire examina-
   tion infringes a constitutional right and appellate review is not
   precluded, even though the defendant did not object to the trial
   court's procedure.

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 June 19, 1973, at Lansing.
(Docket No. 15239.) Decided August 30, 1973.

Henry Wray, Jr., was convicted of carrying a
concealed weapon in a motor vehicle. Defendant
appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-
ler,* Prosecuting Attorney, and *Corbin R. Davis,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 471.

*Jonathan E. Maire,* for defendant on appeal.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

PER CURIAM. The defendant was convicted by a jury of carrying a concealed weapon in a motor vehicle contrary to MCLA 750.227; MSA 28.424. He was sentenced to five years probation of which the first six months were to be spent in the county jail.

Although defendant raises four allegations of error on appeal, we find one to be decisional and to mandate a reversal, namely: whether after a timely request by defense counsel, the trial court reversibly erred by refusing to specifically inquire into the possible existence of racial prejudice during the voir dire examination of prospective jurors.

A review of the record discloses that the defendant is a black man. All of the jurors called and impanelled and all of the witnesses for the prosecution were white.

Prior to the voir dire examination, defense counsel formally requested the trial court to ask the prospective jurors a series of written questions which included the following:

"14. Are there any of you who cannot honestly say that the fact the defendant, Mr. Wray, is black will have absolutely no bearing or influence upon you in determining his guilt?

"15. In other words, are there any of you who, for whatever reason, may be more inclined to believe that Mr. Wray is guilty because he is black than you were if he was white?"

The trial court declined to ask the foregoing ques-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tions. However the court did make general inquiries into the jurors' possible bias or prejudice. Defense counsel did not object to the trial court's refusal to ask the questions concerning the possible racial bias of the jurors.

The outcome of the instant appeal is squarely controlled by a recent decision of the United States Supreme Court. In *Ham v South Carolina,* 409 US 524; 93 S Ct 848; 35 L Ed 2d 46 (1973), the defendant, a black man, requested the trial court to ask the jury on the voir dire examination two specific questions dealing with racial prejudice. The trial court refused to do so and, as in the case at bar, asked general questions relating to bias or prejudice. So far as the record shows, no objection was made to the failure to ask the requested questions. See *State v Ham,* 256 SC 1; 180 SE2d 628 (1971). Relying on *Aldridge v United States,* 283 US 308; 51 S Ct 470; 75 L Ed 1054 (1931), in reversing the defendant's conviction the Supreme Court unanimously held that the Equal Protection and Due Process Clauses of the Fourteenth Amendment[1] imposed a duty upon the trial court to question jurors on the subject of racial prejudice. Even though the Court noted that there was no requirement for the trial court to ask the defendant's requested questions verbatim, it was reversible error not to ask specific questions dealing with the particular subject of racial prejudice.

Accordingly, since the defendant in the instant case timely requested the trial court to question the prospective jurors about possible racial prejudice, and inasmuch as the trial court failed to so inquire, the defendant's conviction is reversed and the case is remanded for a new trial.

In closing we note that although the defendant

---

[1] US Const, Am XIV.

did not object to the trial court's failure to inquire into the subject of possible racial prejudice on the part of the jurors, the absence of such an objection does not preclude this Court from review where, as here, a constitutional right has been infringed. *People v Thomas,* 44 Mich App 649; 205 NW2d 604 (1973).

Reversed and remanded for a new trial.