PEOPLE v FLANSBURGH

1. CRIMINAL LAW—ENTRAPMENT—TRIAL COURTS—FINDINGS OF FACT
   —APPEAL AND ERROR.
   The Court of Appeals cannot consider a trial court's ruling on the
   issue of entrapment absent sufficient findings of fact to facili-
   tate appellate review.

2. CRIMINAL LAW—TRIAL JUDGES—FINDINGS OF FACT—REASONS FOR
   DECISION—COURT RULES—APPEAL AND ERROR.
   A trial judge who sits without a jury is required to articulate the
   reasons for his decision in findings of fact in criminal cases as
   well as in civil cases, and where the trial judge fails to do so
   the matter should be remanded for compliance with the court
   rule (GCR 1963, 517.1).

3. APPEAL AND ERROR—CRIMINAL LAW—ENTRAPMENT—UNCONTRO-
   VERTED EVIDENCE—HYPOTHETICAL FACT SITUATION.
   The Court of Appeals may decide an issue of entrapment only
   where the evidence is uncontroverted and not on the basis of
   hypothetical fact situations.

4. CRIMINAL LAW—ENTRAPMENT—NEW TRIAL—LAW OF CASE.
   A trial court's ruling on the issue of entrapment, on remand, will
   govern a new trial granted to a defendant on another issue
   since the ruling on entrapment will be the law of the case until
   expressly overruled by a higher court.

5. JURY—JURY SELECTION—VOIR DIRE—PROHIBITION OF VOIR DIRE.
   Total prohibition of defense counsel's voir dire during the selec-
   tion of the last three jurors is reversible error.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4, 9] 21 Am Jur 2d, Criminal Law §§ 143-145.
[2] 76 Am Jur 2d, Trial §§ 1256, 1256.5.
[5, 6] 47 Am Jur 2d, § 195 *et seq.*
[7] 76 Am Jur 2d, Trial § 1080 *et seq.*
[8] 21 Am Jur 2d, Criminal Law § 175 *et seq.*
[10] 29 Am Jur 2d, Evidence § 278.

6. CRIMINAL LAW—TRIAL—MISTRIAL—ENTRAPMENT—JURY—ERRORS IN JURY SELECTION—WAIVER.

Defense counsel's spurning of a trial court's offer, midway through a trial, for a mistrial based on entanglements arising from confusion on whether the question of entrapment was for the judge or the jury should be limited to the basis for the offer and cannot be considered as a waiver of earlier errors which occurred during the selection of the jury.

7. CRIMINAL LAW—MISTRIAL—CONSULTING DEFENDANT.

A defendant must be consulted on mistrial decisions and his opinion on what action is desired by him should appear on the record.

8. CRIMINAL LAW—JURY—REPLACEMENT OF JURORS—DOUBLE JEOPARDY—MANIFEST NECESSITY.

Replacement of a juror immediately following the close of jury selection and swearing in did not place the defendant in double jeopardy where there was a recognized manifest necessity to replace the juror because the juror had blurted out that he could not find the defendant innocent.

9. CRIMINAL LAW—UNDERCOVER AGENTS—ENTRAPMENT HEARINGS—RES GESTAE WITNESSES—WILFUL INTENT.

Undercover agents who testified at a separate entrapment hearing and whose testimony is relevant to the existence of the requisite wilful intent for a defendant's conviction should be endorsed as res gestae witnesses at trial.

10. CRIMINAL LAW—EVIDENCE—CONCEALMENT OF EVIDENCE—TRIAL COURT'S DISCRETION—DISCOVERY ORDER—INVESTIGATORS' TESTIMONY—SURVEILLANCE NOTES AND RECORDS.

There is no abuse of the trial court's discretion in its finding that the prosecution did not conceal evidence where there was a compliance with its discovery order and the court could justifiably accept the testimony of investigators in the case that all relevant surveillance notes and records that were kept were turned over for review by the defendant.

Appeal from St. Clair, Halford I. Streeter, J. Submitted June 17, 1976, at Detroit. (Docket No. 26352.) Decided August 24, 1976.

Richard Flansburgh was convicted of unlawfully

driving away a motor vehicle. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Edson & Thompson,* for defendant.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

D. C. RILEY, J. After labyrinthine proceedings in the St. Clair County Circuit Court, defendant was convicted by a jury of unlawfully driving away a motor vehicle contrary to MCLA 750.413; MSA 28.645. Following his sentence of 3 to 5 years, defendant brings this appeal.

The trial was tangled from its inception. From jury voir dire to closing argument, the case was riddled with the procedural and substantive contretemps that plague criminal cases where an entrapment defense is raised. All principals commenced the trial treating entrapment as a jury question; as a result, defendant's attorney discussed the defense during voir dire and argued that defendant was entrapped during his opening statement. When the prosecutor finally convinced the court that *People v Habel (On Rehearing),* 53 Mich App 399; 220 NW2d 74 (1974), mandated that the judge pass on entrapment, two witnesses had already testified before the jury. At that point, the court suspended the jury trial. The parties then spent 9 days over a 6-month period filling nearly 800 pages of transcript with evidence and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

argument on entrapment. At the conclusion of this welter of testimony, the trial judge issued a terse opinion stating only that "[T]he activities and · conduct of the police officers were in harmony with the concepts of due process of law and * * * the conduct of the police officers was not 'overreaching' ".

Before resuming proceedings before the jury, the trial judge indicated that he would entertain a motion for a mistrial because of the obvious prejudice of counsel's admission of defendant's guilt during opening argument when entrapment was raised.

Defendant chose to continue with the jury. The resumption of the trial was highlighted by defendant's depiction of the enticement of the police, counsel's entrapment arguments, and the court's instructing the jury to ignore all consideration of the entrapment defense. To no one's great surprise, defendant was convicted.

Appellate counsel raises a number of objections to the proceedings below. After careful study of the arguments and transcript, we make two critical observations.

## I.

First, we cannot consider the court's entrapment ruling absent sufficient findings of fact to facilitate review. In *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973), our Supreme Court unanimously agreed that GCR 1963, 517.1 required fact finding in criminal cases.

"We are now of the opinion that in criminal cases as well as civil cases a judge who sits without a jury is obliged to articulate the reasons for his decision in findings of fact. Findings of fact in a nonjury case serve

a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder". 390 Mich at 627. (Footnote omitted.)

Although we have examined the record and could find a set of facts that would clearly support the court's ruling on entrapment, that is not our function. We do not sift facts, we review conclusions of law. Our review depends upon the lower court's "explication of the path * * * followed in reaching the result". *Id,* at 627, n 3. In a previous entrapment case, Judge CAVANAGH of this Court succinctly stated:

"In urging this Court to adopt their respective versions of what occurred between the defendant and police, both parties have misconceived the role of an appellate court in reviewing the rejection of an entrapment defense. Where the viability of the defense depends entirely upon the resolution of a factual dispute, it is the role of the trial court to ascertain those facts and appraise their effect upon the administration of criminal justice." *People v Cushman,* 65 Mich App 161, 167; 237 NW2d 228 (1975). (Citation omitted.)

See also, *People v Van Riper,* 65 Mich App 230, 235; 237 NW2d 262 (1975). (Court of Appeals may decide an entrapment issue only where the evidence is uncontroverted.)[1]

We must therefore remand and order the trial

---

[1] We find inapplicble certain language in a footnote in *People v Fraker,* 63 Mich App 29, 33–34 n 1; 233 NW2d 878 (1975). We do not believe it proper to review entrapment rulings by accepting defendant's testimony as being true where the trial court may not have accepted those facts. Given the need for clear guidance to law enforcement officials, we believe the appropriate appellate function is to base our rulings on actual facts rather than hypothetical conduct. Moreover, the *Fraker* suggestion is pertinent only where no set of proposed facts would support defendant's claim of entrapment. We cannot, and should not, be required to speculate whether no set of facts supports defendant's claim.

court to comply with GCR 1963, 517.1. The court "shall find the facts specially and state separately its conclusions of law". In particular, we urge the court (1) to focus on the factors leading to the initial law enforcement activities; (2) to consider who first broached the topic of sale of the equipment; (3) to determine the extent of enforcement officials' inducements and/or pressure; (4) to specify what steps the investigative team took in its investigation; (5) to state the factors which prompted defendant to take the equipment; and (6) to determine the necessity of the use of undercover agents in investigations of stolen property.

If the parties are not satisfied with the court's findings, they shall specify their objections and offer alternative and/or supplementary facts. In issuing its legal conclusion, we invite the court to consider *People v Stanley,* 68 Mich App 559; 243 NW2d 684 (1976).

We are not encouraging the court to reverse its determination that there was no entrapment; we only order that it support the decision with factual findings. As our opinion will indicate, a second issue requires that we grant defendant's request for a new trial. However, the court's ruling on the entrapment issue will govern the second trial, for it is the "law of the case" until expressly overruled by a higher court. *Cf., People v Radowick,* 63 Mich App 734, 737–740; 235 NW2d 28 (1975).

We find no other errors associated with the special entrapment hearing.


II.


Our consideration of a second claim of error requires that we grant defendant's request for a new trial. During voir dire of the jurors, the

court was understandably frustrated with certain of defense counsel's questions on entrapment. The court's frustration led it to prohibit entirely defense counsel's voir dire after nine jurors were seated. Three of the jurors who determined defendant's guilt were never examined for possible prejudice by defense counsel.

The court's ruling was excessively harsh; less restrictive alternatives to total prohibition of questioning were available. *Cf., People v Lambo,* 8 Mich App 320, 325; 154 NW2d 583 (1967). We have no doubt that this curtailment of voir dire was reversible error. *People v Milkovich,* 31 Mich App 582, 585; 188 NW2d 124 (1971). *Cf., People v Wray,* 49 Mich App 344; 212 NW2d 78 (1973).

Defense counsel's mid-trial spurning of the court's proffered mistrial does not constitute a waiver of the error caused by the truncated voir dire. The court's offer was based on the entanglements caused by entrapment; the effect of defendant's rejection of the mistrial should be limited to the basis for the offer. Counsel's decision to proceed at that mid-trial juncture may have been a waiver of certain entrapment errors, but is no waiver of voir dire errors. His decision to proceed with the already lengthy trial should have been untrammeled by prior prohibitions of juror questioning.[2]

### III.

Other appellate arguments must be touched. Defendant was not placed in impermissible double

---

[2] We note as well that the record suggests, but does not clearly establish, that defendant personally contributed to the rejection of the mistrial. Defendant must be consulted on mistrial decisions and his opinion should appear on the record. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

jeopardy when the court replaced a juror immediately following the close of jury selection and swearing in. The dismissed juror had blurted out that he could not find the defendant innocent. The court's solution was proper, as there was a recognized "manifest necessity" to replace the juror. See, *People v Parker,* 145 Mich 488, 499–501; 108 NW 999 (1906), and *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

Two undercover agents who testified at the separate entrapment hearing should also be endorsed as res gestae witnesses at trial. Although the two individuals were not present at the actual driving away of the equipment, their testimony is clearly relevant to the existence of the requisite "wilful" intent for conviction under the statute, MCLA 750.413; MSA 28.645. Under *People v Lerma,* 66 Mich App 566; 239 NW2d 424 (1976), the prosecutor must show a particular mental state to gain a conviction under the statute. Because the witnesses' testimony will reflect on defendant's mental state and will help establish the circumstances surrounding the alleged offense, the witnesses are res gestae witnesses. See, *e.g., People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975).

Finally, we find no merit to defendant's claim that the prosecution concealed evidence. The trial court could justifiably accept the investigators' testimony that all relevant surveillance notes and records that were kept were turned over to defendant. There is no abuse of discretion in the court's finding compliance with its discovery order. See, *e.g., People v Ranes,* 58 Mich App 268, 273–274; 227 NW2d 312 (1975).

On retrial, defendant's counsel is free to request lesser included offense instructions that comply with *People v Henry,* 395 Mich 367; 236 NW2d 489

(1975), and related cases decided the same day, 395 Mich at 379–444.

We grant defendant's request for a new trial. We order that the trial court make factual and legal findings on entrapment based on the evidence presented at the prior entrapment hearing. The court's ruling on entrapment shall govern the new trial.