*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM DOTHARD,

        Plaintiff-Appellant,

v

KINROSS CORRECTIONAL FACILITY
WARDEN,

        Defendant-Appellee.

UNPUBLISHED
January 23, 2025
12:13 PM

No. 369799
Chippewa Circuit Court
LC No. 23-017499-AH

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Plaintiff, William Dothard, appeals as of right the circuit court's order denying his petition for a writ of habeas corpus. Plaintiff contends that he is entitled to a writ of habeas corpus because the circuit court issued its order denying his petition before he had an opportunity to reply to defendant's brief in opposition to the petition; because the circuit court improperly relied on the facts of the criminal proceeding when it denied the petition; and because a radical defect in jurisdiction exists because plaintiff was convicted of felony murder, which he asserts does not exist under MCL 750.316. We affirm.

## I. FACTS

In 2010, a Wayne County jury convicted plaintiff of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a(2), and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced plaintiff to concurrent terms of life imprisonment for the felony-murder conviction and 11 to 20 years' imprisonment for the home invasion and robbery convictions to be served consecutively to the mandatory two-year term of imprisonment for the felony-firearm conviction. This Court affirmed defendant's convictions on direct appeal. *People v Dothard*, unpublished per curiam opinion of the Court of Appeals, issued June 26, 2012 (Docket No. 299237).

This Court's opinion set forth the relevant facts. Plaintiff's convictions arose "from the shooting death of 29-year-old Jamal Harper during the commission of a robbery." *Id*. at 2. Four

others—Elesha Fullwood, Treisa Lyles, Dreshawn Grant, and Dione Wade—were also charged. *Id*. Testimony established that "Wade and defendant Dothard both entered Harper's house at gunpoint and announced a robbery. Wade and defendant Dothard later brought Harper to the basement of his house where he was eventually shot to death, apparently by Wade." *Id*.

As relevant here, plaintiff argued on appeal that "there was insufficient evidence of malice to support his felony-murder conviction." *Id*. at 6. This Court held that there was sufficient evidence to establish the elements of felony murder under an aiding-and-abetting theory. *Id*. at 7.

In 2013, plaintiff filed a pro se petition for a writ of habeas corpus in federal district court, raising the same issues as those presented in his direct appeal and, in his reply, added new issues not relevant to his argument in the present appeal. *Dothard v MacLaren*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued February 3, 2015 (Case No. 13-15217), p 2. The magistrate judge recommended denial of plaintiff's petition, which the district court adopted over plaintiff's objection. *Id*. at 1.

On August 10, 2022, plaintiff filed a pro se petition for a writ of habeas corpus on August 10, 2022. *William Dothard v Mike Brown, Warden*, Chippewa County Circuit Court Case No. 2022-0016983-AH.[1] In the 2022 case, the register of actions reflects that plaintiff filed a reply to the defendant's answer shortly before the circuit court denied the petition. And, in this 2023 case, respondent provided a copy of the circuit court's November 7, 2022 opinion and order denying plaintiff's petition for a writ of habeas corpus in the 2022 case.[2] *Dothard v Brown*, unpublished order of the Chippewa County Circuit Court, entered November 7, 2022 (Case No. 2022-0016983-AH). The circuit court in the 2022 case characterized the issue raised as plaintiff "believes he was illegally convicted of common law felony murder[,] citing People v Aaron, 409 Mich 672 (1980)." *Id*. at 1. The circuit court disagreed:

> [Plaintiff's] reliance of *People v Aaron*, 409 Mich 672 (1980)[,] is of no consequence. There was no need to charge common law felony murder where the statute, MCL 750.316, was used. MCL 750.316 is the statutory crime provision identified in the judgment of sentence.

On December 15, 2022, plaintiff filed a pro se complaint for an original writ of habeas corpus in this Court.[3] Plaintiff referenced the 2022 circuit court habeas corpus case in the complaint he filed in this Court, arguing that the trial court lacked subject matter jurisdiction, "where the charge of Homicide Felony Murder (MCL 750.316[B]) is not a statutory charge for which a person may be tried, convicted and sentenced," citing *People v Fountain*, 71 Mich App

---

[1] We take judicial notice of the register of actions in the 2022 case. See MRE 201(c) and (d).

[2] The circuit court judge who denied the 2022 habeas corpus petition also denied the 2023 petition for habeas corpus relief.

[3] We take judicial notice of our own files and records. See MRE 201(c) and (d); *Platt Convenience, Inc v Ann Arbor*, ___ Mich App ___; ___ NW2d ___ (Docket No. 359013), slip op at 20 n 20 ("[A] court may take judicial notice of its own files and records[.]") (quotation marks and citation omitted).

491; 248 NW2d 589 (1976), and *People v Aaron*, 409 Mich 672; 299 NW2d 304 (1980).  The defendant opposed plaintiff's request for a writ and plaintiff filed a response.  This Court denied plaintiff's complaint as well as his motion for reconsideration.  *Dothard v Kinross Correctional Facility Warden*, unpublished order of the Court of Appeals, entered May 17, 2023 (Docket No. 364198), reh den, unpublished order of the Court of Appeals, entered June 30, 2023 (Docket No. 364198).

On October 24, 2023, plaintiff filed a petition for writ of habeas corpus in the circuit court, arguing that subject-matter jurisdiction was lacking because MCL 750.316 did not encompass a conviction of first-degree murder on the basis of a theory of felony murder that had been abolished by Michigan Supreme Court caselaw.  Defendant filed a brief in opposition.  The circuit court entered an opinion and order denying and dismissing the petition, stating:

> It appears that [Plaintiff] believe he was illegally convicted of common law felony murder[,] citing *People v Aaron*, 409 Mich 672 (1980).

> This Court has previously denied habeas corpus based on very similar claims.  The Court of Appeals follow[ed] suit and denied habeas as well.  Now [Plaintiff] adds in arguments that MCL 750.316 is not a valid statute.

> \* \* \*

> Looking at the first-degree murder statute, it is clear that first degree murder encompasses murder committed while robbing or attempting to rob.  The presentence report reflects that [plaintiff] arrived at the victim's residence armed, that the robbery was planned, and that he was actively participating in robbing the victim of jewelry and clothes.

> [Plaintiff's] reliance on *People v Aaron*, 409 Mich 672 (1980)[,] is of no consequence.  There was no need to charge common law felony murder where the statute, MCL 750.316, was used.  MCL 750.316 is the statutory crime provision identified in his judgment of sentence.  Plaintiff was not prosecuted on common law but upon a statute.

> The jury in his criminal appeal, as factfinder, found that he violated MCL 750.316 to arrive at first degree murder.

> \* \* \*

> While [plaintiff] advances various legal theories to assert that his first-degree murder statute is unconstitutional[,] [s]tatutes are presumed constitutional unless the[ir] unconstitutionality is clearly apparent.  *Toll Northville Ltd v Twp of Northville*, 480 Mich 6, 11[; 743 NW2d 902] (2008).  Contrary to [plaintiff's]

arguments *People v Aaron*, *supra*, did not find Michigan's first-degree murder statute unconstitutional.

* * *

To the extent that Petitioner relies upon *People v Washington*, 508 Mich 107[; 972 NW2d 767] (2021), that case involved the ability of a circuit court to correct a sentence after an appeal was filed and pending in the Court of Appeals. The scenario in *Washington* is not present here.

Plaintiff subsequently filed a reply to the state's brief in opposition, largely contending that defendant either made irrelevant arguments or mischaracterized plaintiff's arguments. Defendant responded, arguing that the petition had been denied and that plaintiff's request was moot. Defendant and the circuit court apparently construed plaintiff's reply as a motion for summary disposition, and the circuit court issued another order denying the motion for summary disposition as moot.

Plaintiff moved for reconsideration, contending that the circuit court improperly failed to allow him an opportunity to make a reply and asking the circuit court to consider his reply before making a ruling on the petition for habeas corpus. The circuit court denied the motion.

Plaintiff appeals.

## II. STANDARD OF REVIEW

A prisoner's right to file a complaint for a writ of habeas corpus is guaranteed by the Michigan Constitution. *Morales v Mich Parole Bd*, 260 Mich App 29, 40; 676 NW2d 221 (2003), citing Const 1963, art 1, § 12. Questions of constitutional law are reviewed de novo. *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008). To qualify for habeas corpus relief under Michigan law, the plaintiff must identify a radical jurisdictional defect that renders his conviction "absolutely void." *Moses v Dep't of Corrections*, 274 Mich App 481, 486; 736 NW2d 269 (2007). A challenge to a court's jurisdiction is a question of law that we review de novo. *McKenzie v Dep't of Corrections*, 332 Mich App 289, 296; 957 NW2d 341 (2020). Issues of statutory interpretation are also reviewed de novo. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). Similarly, an appellate court reviews "de novo the proper interpretation and application of court rules." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018).

## III. DISCUSSION

Plaintiff first asserts that the circuit court erred by issuing its order denying the petition for habeas corpus before plaintiff had filed a reply to defendant's answer to the petition as permitted under MCR 3.303(O). We conclude that even if the trial court erred, the error was harmless.

A civil action may be brought to obtain habeas corpus relief. MCR 3.301(A)(1)(b). The general rules of civil procedure apply except as otherwise provided by MCR 3.300 *et seq.*, governing extraordinary writs. MCR 3.301(A)(3). Upon the filing of a complaint for habeas corpus, the court may issue a writ of habeas corpus, MCR 3.303(D)(1)(a), or it may issue an order

to show cause why the writ should not be issued, "unless it appears that the prisoner is not entitled to relief[,]" MCR 3.303(D)(1)(b). "*If an order to show cause is issued*, it must be answered as provided in subrule (N) . . . ." MCR 3.303(K)(2) (emphasis added). Subrule (N) provides, in relevant part, "The defendant or person served must obey the writ or order to show cause or show good cause for not doing so, and must answer the writ or order to show cause within the time allowed." Defendant's "[f]ailure to file an answer is contempt." MCR 3.303(N)(1). "In a reply or at a hearing, the plaintiff or the prisoner may controvert the answer under oath, to show either that the restraint is unlawful or that the prisoner is entitled to discharge." MCR 3.303(O). The use of the term "may" denotes permissive and not mandatory action by the plaintiff. See *People v Watkins*, 491 Mich 450, 484; 818 NW2d 296 (2012).

In this case, plaintiff filed a complaint for habeas corpus on October 4, 2023. On October 24, 2023, the court clerk issued a summons to defendant providing an opportunity to file a written answer. On November 16, 2023, defendant filed a brief in opposition to the petition. On November 27, 2023, the circuit court issued an opinion and order denying the petition without holding a hearing. Plaintiff filed his reply on December 5, 2023.

A circuit court need not entertain responsive pleadings regarding a complaint for habeas corpus if it determines that "it appears that the prisoner is not entitled to relief." MCR 3.303(D)(1). However, in this case defendant filed an answer to plaintiff's complaint, notwithstanding that it was presumably not required to do so because no order to show cause had been entered. See MCR 3.303(N)(1) (requiring the defendant or person served to "answer the *writ or order to show cause* within the time allowed" (emphasis added)). MCR 3.303(O) provides:

> Answer May Be Controverted. In a reply or at a hearing, the plaintiff or the prisoner *may controvert the answer under oath*, to show either that the restraint is unlawful or that the prisoner is entitled to discharge. [Emphasis added.]

Because there is no court rule addressing the timing of a reply filing in a habeas action, the general rule applies. MCR 3.301(A)(3). A party "may serve and file a reply [to an answer, MCR 2.110(A)(6)] within 21 days after service of the pleading to which it is directed," MCR 2.108(A)(5). Therefore, plaintiff had 21 days after November 16, 2023, to file a reply in which he could "controvert the answer under oath." Nonetheless, we would not require the circuit court wait on permissive, not mandatory action, by the plaintiff. *Watkins*, 491 Mich at 484.

Even assuming that the circuit court was required to await plaintiff's reply before issuing its decision,[4] plaintiff has identified no prejudice arising from the entry of the order before receipt of his reply. First, the substance of plaintiff's arguments in reply was presented in his motion for reconsideration. Plaintiff does not explain how the absence of his reply affected the circuit court's initial decision denying him relief or its subsequent decision denying reconsideration. See e.g., *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443-444; 906 NW2d 482 (2017). Second, as will be discussed *infra*, plaintiff's substantive argument for habeas corpus relief was previously rejected by both the circuit court and this Court *after* plaintiff filed replies to the

---

[4] Because plaintiff's reply was not "under oath," it presumably did not comply with MCR 3.303(O).

defendant's answers in those 2022 cases. *Dothard*, unpub order of the Court of Appeals, entered May 17, 2023 (Docket No. 364198); *Dothard v Brown*, unpub order of the Chippewa County Circuit Court, entered November 7, 2022 (Case No. 2022-016983-AH), slip op at 1, 3. Under the circumstances, any error was harmless, and permitting the circuit court's order to stand in this case would not be "inconsistent with substantial justice." MCR 2.613(A).

Plaintiff next contends that the trial court erred to the extent it relied on the "facts of the criminal process" as a basis to deny the petition for habeas corpus. Review of the record does not support plaintiff's argument.

MCL 600.4316 provides: "Any court or judge empowered to grant the writ of habeas corpus shall, upon proper application, grant the preliminary writ (or an order to show cause) without delay, unless the party applying therefor is not entitled to the writ."

> Habeas corpus is a civil proceeding the main purpose of which is to cause the release of persons illegally confined, to inquire into the authority of law by which a person is deprived of his liberty. Application for the writ of habeas corpus is not made in the criminal proceedings; it is made in a new and independent civil action instituted to enforce a civil right, the right to liberty. [*People v McCager*, 367 Mich 116, 121; 116 NW2d 205 (1962) (citations omitted).]

As plaintiff correctly recognizes, although a habeas proceeding is a separate proceeding from the underlying criminal proceeding, reference to the circumstances of the criminal proceeding is necessary to determine whether an individual was deprived of their liberty pursuant to lawful authority. See MCL 600.4310(3) ("An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of . . . [p]ersons convicted, or in execution, upon legal process, civil or criminal . . . ."); *Moses*, 274 Mich at 485 (quotation marks and citation omitted) ("The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held."). "But relief 'is open to a convicted person in one narrow instance, . . . when the convicting was without jurisdiction to try the defendant for the crime in question.' " *Id*., quoting *People v Price*, 23 Mich App 663, 669-670; 179 NW2d 177 (1970). In other words, to qualify for habeas corpus relief, the plaintiff must identify a radical jurisdictional defect that renders his conviction "absolutely void." *Id*. at 486, citing *Price*, 23 Mich App at 669-670. " 'A radical defect in jurisdiction contemplates . . . an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission.' " *Id*., quoting *Price*, 23 Mich App at 671 (ellipsis in *Moses*).

Plaintiff argued that he was improperly convicted of first-degree felony murder when no such theory was permitted under the applicable statute. The circuit court recited the facts of the underlying criminal case in order to properly address plaintiff's argument concerning his entitlement to habeas corpus relief. The circuit court did not improperly rely on the facts of plaintiff's underlying criminal conduct as a basis for its holding that defendant was not entitled to habeas corpus relief, as plaintiff seems to suggest. Nor is there any basis to conclude that the circuit court was operating under a misconception concerning the procedural differences between a civil habeas corpus proceeding and the underlying criminal proceeding. Thus, plaintiff is not entitled to relief on this ground.

Finally, plaintiff contends that a radical defect in jurisdiction existed in his criminal prosecution because he was charged with and convicted of felony murder, which plaintiff argues is not a cognizable offense pursuant to *Aaron*. We disagree.

We begin by recognizing that both the circuit court and this Court previously rejected this same substantive argument—that Michigan lacks a statute criminalizing felony murder—in the 2022 cases. *Dothard*, unpub order of the Court of Appeals, entered May 17, 2023 (Docket No. 364198); *Dothard v Brown*, unpub order of the Chippewa County Circuit Court, entered November 7, 2022 (Case No. 2022-016983-AH), slip op at 1, 3. This Court has held that the prosecution may use collateral estoppel defensively to preclude litigation of jurisdictional challenges to a prosecutor's authority to prosecute an individual's criminal case. *Moses*, 274 Mich App at 504. Collateral estoppel, a rule of issue preclusion, "bars the relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Id.* at 503 (quotation marks and citation omitted).

In this case, plaintiff raises the same argument that he did in his 2022 petition for a writ of habeas corpus in the circuit court and in his complaint before this Court, i.e., Michigan does not have a statute criminalizing felony murder. Valid, final orders were issued in those cases that necessarily rejected plaintiff's arguments. *Dothard*, unpub order of the Court of Appeals, entered May 17, 2023 (Docket No. 364198); *Dothard v Brown*, unpub order of the Chippewa County Circuit Court, entered November 7, 2022 (Case No. 2022-016983-AH), slip op at 1, 3. Plaintiff named the same defendant—the warden of the Kinross Correctional Facility. The current action is between the same parties and the issue—whether a radical defect in jurisdiction existed because MCL 750.316 does not criminalize felony murder—was necessarily determined in those earlier proceedings. See *Moses*, 274 Mich App at 503. Therefore, collateral estoppel precluded plaintiff from again asserting this particular claim. *Id.*

And, even if collateral estoppel did not preclude plaintiff's claim,[5] we, like the circuit court, determine that plaintiff is not entitled to habeas corpus relief.

In construing Const 1963, art VI, §13 and MCL 600.601, our Supreme Court "recognized that circuit courts have subject-matter jurisdiction over felony cases." *Washington*, 508 Mich at 121-122 (2021), citing *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011), and MCR 6.008(B) ("The circuit court has jurisdiction over all felonies from the bindover from district court unless otherwise provided by law.")

---

[5] We recognize that that circuit court's opinion and order in this case states that it "previously denied habeas corpus based on very similar claims" and that this Court "follow[ed] suit and denied habeas as well." However, the circuit court summarized plaintiff's argument in the 2022 case and this case and addressed it using identical language before adding further explanatory language ("It is likely that [Plaintiff] does not understand that statutory first-degree murder, where there is a felony associated with a murder, does not allow for every type of felony to be the basis for first[-]degree murder.").

Defendant was convicted of felony murder under MCL 750.316(1)(b), which provided that first-degree murder included

> [m]urder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, *robbery*, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, kidnapping, vulnerable adult abuse in the first or second degree under section 145n, torture under section 85, [or] aggravated stalking under section 411i.[6] [Emphasis added.]

First-degree felony murder, MCL 750.316(1)(b), is a felony punishable "by imprisonment for life" without eligibility for parole. MCL 750.316(1) and MCL 791.234(6)(a). Therefore, the trial court had jurisdiction over the criminal proceeding. See *Washington*, 508 Mich at 121-122; MCL 750.7; MCL 761.1(f); MCR 6.008(B).

Plaintiff contends that *Aaron* held that Michigan lacked a statutory felony-murder rule and that, in the absence of such a statute, there was a radical defect in jurisdiction. The issue in *Aaron* was "whether Michigan has a felony murder rule which allows the element of malice required for murder to be satisfied by the intent to commit the underlying felony" and what *mens rea* was "required to support a conviction under Michigan's first-degree murder statute." *Aaron*, 409 Mich at 687.

At the time *Aaron* was decided, MCL 750.316 provided:

> Murder which is perpetrated by means of poison, lying in wait, or other willful, deliberate, and premeditated killing, or which is committed in the preparation, or attempt to perpetrate arson, criminal sexual conduct in the first or third degree, robbery, breaking and entering of a dwelling, larceny of any kind, extortion, or kidnapping, is murder in the first degree, and shall be punished by imprisonment for life. [1980 PA 28; see also *Aaron*, 409 Mich at 717-718.]

Our Supreme Court held:

> We conclude that Michigan has no statutory felony-murder rule which allows the mental element of murder to be satisfied by proof of the intention to commit the underlying felony. Today we exercise our role in the development of the common law by abrogating the common-law felony-murder rule . . . .

The first-degree murder statute will continue to operate in that all murder committed in the perpetration or attempted perpetration of the enumerated felonies will be elevated to first-degree murder. *Aaron*, 409 Mich at 733-734. And, in addressing the required *mens rea* for murder, our Supreme Court held that establishing malice requires proof of the defendant's "intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the

---

[6] This was the version of MCL 750.316(1)(b) in effect in 2009.

natural tendency of [the] defendant's behavior is to cause death or great bodily harm," regardless of "whether the murder occurs in the course of a felony or otherwise." *Id*. at 728. Further, "[t]he facts and circumstances involved in the perpetration of a felony may evidence an intent to kill, an intent to cause great bodily harm, or a wanton and willful disregard of the likelihood that the natural tendency of [the] defendant's behavior is to cause death or great bodily harm[.]" *Id*. at 728-729. The jury is charged with determining whether malice was established. *Id*. at 729. In sum, "[t]he elements of felony murder are: (1) the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result [i.e., malice], while committing, attempting to commit or assisting in the commission of any of the felonies specifically enumerated in [the statute, including armed robbery]." *People v Carines*, 460 Mich 750, 759; 597 NW2d 130 (1999) (quotation marks and citation omitted).

In 1994, the felony-murder portion of MCL 750.316 was separately codified in MCL 750.316(1)(b). 1994 PA 267, effective October 1, 1994. When a jury convicts a defendant of first-degree murder premised on both premeditated murder, MCL 750.316(1)(a), and felony-murder, MCL 750.316(1)(b), for the death of a single victim, the proper remedy is to modify the defendant's "judgment of conviction and sentence to specify that [the] defendant's conviction is for one count and one sentence of first-degree murder supported by two theories: premeditated murder and felony murder." *People v Bigelow*, 229 Mich App 218; 581 NW2d 744 (1998) (quotation marks and citation omitted). Thus, under Michigan law, a murder conviction may be supported by proof of premeditation or felony-murder or both. *Id*.

In this case, plaintiff acknowledges that the prosecution charged him on alternate theories of first-degree premeditated murder and first-degree felony murder for the victim's death. At the preliminary examination, however, the examining magistrate dismissed the premeditated murder count, but bound him over on felony murder. A jury later convicted plaintiff of felony murder arising from the commission of a robbery, an enumerated felony. MCL 750.316(1)(b); *Carines*, 460 Mich at 768; *People v Akins*, 259 Mich App 545, 552; 675 NW2d 863 (2003) ("There is no dispute that armed robbery falls within the meaning of the term 'robbery' in the felony-murder statute."). To the extent that *Aaron* applies at all, its central holding—that establishing a criminal defendant's *mens rea* to commit an underlying offense cannot also satisfy the malice requirement for the purposes of the first-degree felony-murder statute—does not give rise to a radical defect in jurisdiction in this case, where, as this Court has already determined, "there was sufficient evidence of malice to support [plaintiff's] felony-murder conviction." *Dothard*, unpub op at 7.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

-9-